# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| NIDAL KHALID NASRALLAH, | |
| Petitioner, | |
| v. | CIVIL ACTION FILE NO.: 4:16-cv-136-CDL-MSH |
| LORETTA LYNCH, *et. al.*, | |
| Respondents. | |

## RESPONDENT'S MOTION TO DISMISS PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

Petitioner filed his Petition for Writ of Habeas Corpus on March 31, 2016. ECF No. 1 ("Pet."). On April 1, 2016, this Court issued an Order to Respondents to file their responsive pleading within three days of the date of the Order. ECF No. 6; *see also* LR 6.3. Respondents[1] now respond and show as follows:

## FACTS

Petitioner, Nidal Khalid Nasrallah, is a native and citizen of Lebanon. Pet. at 2. He is in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at Stewart Detention Center in Lumpkin, Georgia ("Stewart"). *Id.*

---

[1] The only proper party is Warden Richard W. Spivey in his *official* capacity. In an application for writ of habeas corpus, the petitioner must name "the person who has custody over him." 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement. . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . ."). *Padilla* rejected the view that in "cases involving prisoners detained for other than federal criminal violations, a proper respondent may be the person exercising the legal reality of control over the petitioner . . . ." 542 U.S. at 437 (internal marks and citation omitted). Therefore, the Court should dismiss the remaining named Respondents.

A.     **Petitioner's Criminal Conviction**

On July 30, 2013, Petitioner was convicted by a guilty plea in the United States District Court for the Western District of North Carolina of two counts of Receiving Property Stolen in Interstate Commerce, pursuant to 18 U.S.C. § 2315 and 18 U.S.C. § 2 1. Declaration of Supervisory Deportation Officer Anthony Louis ("Decl."), attached herewith as Respondents' Exhibit ("Resp. Ex.") 1, Conviction Documents, attached herewith as Resp. Ex. 1-B. He was initially sentenced to 12 months' incarceration, with each count's sentence to run concurrently and begin in June 2014. Judgment, Resp. Ex. 1-B at 2. On August 8, 2015, the District Court vacated the initial judgment and sentenced Petitioner, nunc pro tunc, to 364 days' incarceration to be served concurrently. Order Amending Judgment, Petr. Ex. 2.

B.     **Immigration Bond Proceedings**

On July 9, 2015, ICE served Petitioner with a Notice to Appear ("NTA"), alleging that he was deportable as an alien convicted of an aggravated felony.[2] NTA, Resp. Ex. 1-C. ICE determined that he would be would not be released on a bond. Decl., Resp. Ex. 1 ¶ 7; Form I-286, Resp. Ex. 1-E. After Petitioner served his criminal sentence, ICE took him into custody on August 25, 2015. Decl., Resp. Ex. 1 ¶ 7. On August 31, 2015, Petitioner requested a bond redetermination hearing before the Immigration Judge, and on September 4, 2015, the Immigration Judge found that Petitioner should not be released on bond under 8 U.S.C. § 1226(a). Sept. Bond Decision, Resp. Ex. 1-F. Petitioner appealed the Immigration Judge's determination to the Board of Immigration Appeals ("BIA"), and on December 29, 2015, the

---

[2]     DHS later amended the allegations, alleging that Petitioner is deportable as an alien convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. Form I-261, Resp. Ex. 1-D.

2

BIA overturned the Immigration Judge's order and remanded the case to determine if Petitioner posed a flight risk. BIA Decision, Resp. Ex. 1-G.

On January 5, 2016, Petitioner filed a motion to complete the bond proceedings, in which he alleged he was not a flight risk. Mot. for Findings, Resp. Ex. 1-H. On January 26, 2016, the Immigration Judge held a bond hearing and found that Petitioner was subject to mandatory detention. Bond Order, Resp. Ex. 1-I. When Petitioner filed a notice of appeal with the BIA, the Immigration Judge issued a bond decision in which she determined that Petitioner's detention is pursuant to 8 U.S.C. § 1226(a), rather than § 1226(c). Feb. Bond Memorandum, Resp. Ex. 1-J. The Immigration Judge denied bond after finding that Petitioner posed a flight risk. *Id*. As of April 6, 2016, the BIA decision on Petitioner's appeal remains pending. Decl., Resp. Ex. 1 ¶ 20.

**C.     Removal Proceedings**

On September 30, 2015, Petitioner applied for relief from removal. Decl., Resp. Ex. 1 ¶ 10. On December 9, 2015, the Immigration Judge heard testimony regarding Petitioner's claims and at the close of testimony indicated she would issue a written decision.[3] *Id.* ¶ 12. On February 25, 2016, the Immigration Judge informed the parties that the recording equipment failed during the hearing on December 9, 2015, and that the testimony would need to be heard again. *Id.* ¶ 18. Petitioner's next appearance in Immigration Court is scheduled for July 22, 2016. *Id.* ¶ 19.

---

[3]     Petitioner alleges that he should be released from custody because the Immigration Judge "indicated on the record intent to grant deferral of removal under the Convention Against Torture ("CAT")" Pet. at 13. The governing regulation for CAT, entitled "Detention of an alien granted deferral of removal under this section" explains that "[n]othing in this section shall alter the authority of the Service to detain an alien whose removal has been deferred under this section and who is otherwise subject to detention. In the case of such an alien, decisions about the alien's release shall be made according to part 241 of this chapter." 8 C.F.R. § 208.17(c). Therefore, even though Petitioner's application for relief may be granted, the discussion regarding custody remains pertinent.

**ARGUMENT**

A.  **PETITIONER HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

Petitioner has failed to exhaust his administrative remedies by filing this petition before the BIA adjudicated his appealed bond decision. Thus, Petitioner's challenge to his detention should be dismissed.

Under the doctrine of exhaustion of administrative remedies, "where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts, and until that recourse is exhausted, suit is premature and must be dismissed." *Reiter v. Cooper*, 507 U.S. 258, 269 (1993). The doctrine "prevent[s] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (citations omitted); *see also Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003).

The federal regulations detail the procedures for determining whether an alien will be released on bond and how to challenge that determination. Under the regulations, ICE makes an initial custody determination. If ICE decides not to release the alien, the alien may seek a bond hearing before an Immigration Judge and a review of the Immigration Judge's decision before the BIA. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(c)(8), 1236.1(d)(1) and (3); *see also Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006). At a bond hearing before an Immigration Judge, an alien bears the burden of justifying release by showing that he is not a flight risk or a danger to the public. 8 C.F.R. § 1236.1(d)(1); *see Matter of Urena*, 25 I. & N. Dec. 140, 141 (BIA 2009); *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1110-11 (BIA 1999). An Immigration Judge decides

whether to release the alien or to modify any release conditions based on a variety of factors that attempt to predict whether the alien will endanger the community or abscond from removal. 8 C.F.R. §§ 1236.1(c)(8), (d)(1). If a party disputes the findings made by an Immigration Judge, he may appeal the determination to the BIA. *See* 8 C.F.R. § 1003.19(f). The BIA reviews the Immigration Judge's exercise of discretion *de novo*. *See id.* § 1003.1(d)(3)(ii); BIA Decision, Resp. Ex. 1-G.

Although exhaustion of administrative remedies in the context of the habeas statute, 28 U.S.C. § 2241, is not a jurisdictional prerequisite, *see McCarty v. Madigan*, 503 U.S. 140, 144 (1992), "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Indeed, courts generally "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking [such] relief." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). As a result, district courts may properly dismiss habeas petitions when the petitioner has failed to exhaust his administrative remedies. *See, e.g.*, *Douglas v. Gonzalez*, No. 8:06-cv-890-T-30TGW, 2006 WL 5159196, at *2 (M.D. Fla. June 12, 2006); *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Here, Petitioner has appealed the Immigration Judge's January 26, 2016 Order and February 22, 2016 Bond Decision to the BIA and the appeal remains pending. Decl., Resp. Ex. 1 ¶¶ 16, 20. Despite Petitioner's claim that he "has exhausted all available administrative remedies and there are no further administrative remedies available to him," he filed a habeas petition on March 31, 2016, prior to any decision from the BIA on his appeal. *Compare* Pet. at 4 *with* Pet. at 6. Contrary to this assertion, Petitioner has not waited for the BIA to render its decision before

pursuing habeas relief and, therefore, has failed to exhaust his administrative remedies. *See Douglas*, 2006 WL 5159196, at *2.

Further, application of the prudential exhaustion requirement is necessary here because both Petitioner and DHS contest the Immigration Judge's holding. Petitioner asserts that he should be released on bond, *see* Mot. for Findings, Resp. Ex. 1-H, and DHS contends that Respondent should be mandatorily detained under 8 U.S.C. § 1226(c), *see* Decl., Resp. Ex. 1 ¶ 15.[4] The BIA should be afforded the opportunity to adjudicate the pending appeal regarding Petitioner's bond, and this petition for a writ of habeas corpus should be dismissed for failure to exhaust administrative remedies.

B.  **THIS COURT LACKS JURISDICTION TO REVIEW DISCRETIONARY BOND DETERMINATIONS**

Although Petitioner focuses much of his petition arguing that he is improperly held under 8 U.S.C. § 1226(c), *see generally*, Pet., the Immigration Judge has found Petitioner lawfully detained under 8 U.S.C. § 1226(a). Pursuant to 8 U.S.C. § 1226(a), the Attorney General has the discretion to release aliens on bond or require them to remain in custody. As explained, *supra*, the Immigration Judge has conducted two hearings related to bond in these proceedings, and Petitioner has appealed the Immigration Judge's decisions to the BIA. Therefore, to the extent that Petitioner claims his due process rights have been violated, the government has provided him with all the process due under the statute and implementing regulations.[5]

---

[4] Petitioner's citation to 8 U.S.C. § 1226(c)(1)(D) as the statutory provision allowing the government to deny bond is incorrect. DHS has never asserted that 8 U.S.C. § 1226(c)(1)(D), which relates to the terrorism ground of deportability, applies to Petitioner. Instead, DHS argues before the Immigration Judge and the BIA that the proper statutory detention authority for Petitioner arises in 8 U.S.C. § 1226(c)(1)(B).

[5] Petitioner seeks release in his habeas petition, arguing that his detention under 8 U.S.C. § 1226(c) is unlawful, *see generally*, Pet., however, at this time, neither the immigration judge nor the BIA have found Petitioner detained pursuant to § 1226(c). The issue is currently before

To the extent that Petitioner seeks to challenge his underlying discretionary bond determination that he is a flight risk, this Court lacks jurisdiction to review Immigration Judge. Specifically, 8 U.S.C. § 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

*See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (finding that 8 U.S.C. § 1226(e) precludes a district court from reviewing and overturning an Immigration Judge's decision regarding bond); *Hyacinthe v. United States AG*, 215 F. App'x 856, 862 n. 7 (11th Cir. 2007) (unpublished opinion) (citing 8 U.S.C. § 1226(e) for the proposition that court "lack[ed] jurisdiction over [petitioner's] claim that the [Immigration Judge] denied him due process in 'failing to adequately consider' whether [he] was entitled to pre-trial bond"); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("discretionary decisions granting or denying bond are not subject to judicial review").

Petitioner asks this Court to review the Immigration Judge's February 22, 2016 written bond denial, disputing what information the Immigration Judge considered. Pet. at 13. In submitting documentation to this Court to dispute the Immigration Judge's bond redetermination, Petitioner attempts to have this Court set aside the bond denial, a request that 8 U.S.C. § 1226(e) prohibits. Petitioner raises no reviewable claim regarding the Immigration Judge's decision finding that he represents a flight risk but rather references his own perceived inadequacies with the Immigration Judge's decision. *See Velasquez Velasquez*, 524 F.3d at 1252. The proper forum for this dispute is unquestionably before the BIA, where Petitioner's bond appeal is currently

---

the BIA. Respondents presently make no argument regarding the applicability of § 1226(c) to the facts of Petitioner's detention but request that the Court allow additional briefing should the BIA find Petitioner subject to mandatory detention.

pending. *See* 8 C.F.R. § 236.1(d) (addressing the proper procedure for appealing bond decisions). Where, as here, Petitioner challenges only the decision to deny bond under the statute, 8 U.S.C. § 1226(e) precludes judicial review, and the Court should dismiss the petition for lack of jurisdiction.

## CONCLUSION

Petitioner has failed to exhaust his prescribed administrative remedy: appeal of his bond determination to the BIA. Additionally, to the extent he seeks review of the Immigration Judge's bond determination, review is precluded by 8 U.S.C. § 1226(e). Accordingly, the Respondents respectfully request this Court dismiss the Petition for Writ of Habeas Corpus for lack of jurisdiction.

This 6th day of April, 2016.

Respectfully submitted,

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

SHEETUL S. WALL
Assistant United States Attorney

Post Office Box 2568
Columbus, Georgia 31902-2568
Phone: 706-649-7700
Fax: 706-649-7667

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

COLIN A. KISOR
Deputy Director

                              SARAH L. VUONG
                              Trial Attorney

By:    */s/ Adrienne Zack*
       ADRIENNE ZACK
       Trial Attorney
       California Bar No. 291629

United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-2446
Facsimile: (202) 305-7000
E-mail: adrienne.m.zack@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2016, I electronically filed **Respondents' Motion to Dismiss Petitioners Application for Writ of Habeas Corpus** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

And I hereby certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing and the foregoing to the following non-CM/ECF participants: N/A

By: */s/ Adrienne Zack*
ADRIENNE ZACK
Trial Attorney
California Bar No. 291629