UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| NIDAL KHALID NASRALLAH, | ) | |
| Petitioner, | ) | |
| A# 089 427 907 | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| v. | ) | 4:16-cv-00136-cdl-msh |
| | ) | |
| LORETTA LYNCH, Attorney General | ) | |
| of the United States; | ) | |
| JOHNSON, Secretary, Department | ) | |
| of Homeland Security; CHRISTOPHER | ) | |
| CRONEN, Atlanta Field Office Director, | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement, BILL SPIVEY | ) | |
| Warden, Stewart Detention Center, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONSE TO RESPONDENTS' MOTION TO DISMISS PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

In its Motion to Dismiss Petitioner's Application for Writ of Habeas Corpus, DHS advances two arguments why Petitioner's application is without merit. Neither is persuasive and both ignore the particular facts of this case.

**EXHAUSTION OF REMEDIES**

Petitioner has exhausted his administrative remedies to the extent required by the law because his request for an individualized bond hearing was denied by an

immigration judge on January 26, 2016 on the basis that he was subject to mandatory detention. The fact that the immigration judge later amended the basis of her decision does not change the fact that, at the time of the hearing, Petitioner was denied any opportunity to present evidence or argument on his case.

Respondents also ignore the fact that a merits hearing was held in this case on December 9, 2015, at which time the Immigration Judge stated that she intended to grant deferral of removal under the Convention Against Torture, and that a written decision would be forthcoming. No formal decision or order has yet been entered. More than 5 months have passed. It was not until February 25, 2016 that Petitioner and his counsel were informed that the merits hearing was not recorded and needed to be reheard. The fact that the merits hearing has had to be rescheduled for July 22, due to a technical malfunction with the court's recording system, and that it took the court more than two months to even inform Petitioner of that fact are circumstances that take this outside the normal processing of cases. Neither of these facts are the fault of Petitioner. He should be permitted an individualized bond hearing and provided an opportunity to present evidence.

## MANDATORY DETENTION

Because the Immigration Judge initially determined that Petitioner is subject to mandatory detention, she denied him the opportunity to have a hearing, preventing a meaningful review of his situation. Petitioner's appeal to the Board of

Immigration Appeals, which was based upon the finding of mandatory detention was effectively mooted by the immigration judge's apparent change of heart after the hearing. For an administrative remedy to have any real meaning, respondents in immigration court need to know what it is they are appealing. In this case we have an order denying bond under 8 U.S.C. §1226(c), which Petitioner appealed. It is no longer an appeal of mandatory detention as the immigration judge withdrew her order. Yet the result was the same: the immigration judge denied Petitioner his right to an individualized bond hearing, and his detention continues with no end in sight.

## CONCLUSION

"[H]abeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995). For the reasons stated above, and in Petitioner's original application, Petitioner requests that Defendants' motion to dismiss be denied and that his application for relief be granted.

Respectfully submitted this 18th day of May, 2016.

/s/ Helen L Parsonage

Helen L. Parsonage, Esq.
NC Bar No. 35492
426 Old Salem Road
Winston-Salem, NC 27101
Telephone: (336) 724 2828
hparsonage@emplawfirm.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| NIDAL KHALID NASRALLAH, ) <br> Petitioner, ) <br> A# 089 427 907 ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> LORETTA LYNCH, Attorney General ) <br> of the United States; ) <br> JOHNSON, Secretary, Department ) <br> of Homeland Security; CHRISTOPHER ) <br> CRONEN, Atlanta Field Office Director, ) <br> U.S. Immigration and Customs ) <br> Enforcement, BILL SPIVEY ) <br> Warden, Stewart Detention Center, ) <br> ) <br> Respondents. ) <br> _____) | Civil Action No. <br> 4:16-cv-00136-cdl-msh |

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2016, I electronically filed **Respondents' Motion to Dismiss Petitioners Application for Writ of Habeas Corpus** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

　Respectfully submitted this 18th day of May, 2016.

　　　　　　　　　　　　/s/ Helen L Parsonage

Helen L. Parsonage, Esq.
NC Bar No. 35492
426 Old Salem Road
Winston-Salem, NC 27101
Telephone: (336) 724 2828
hparsonage@emplawfirm.com
*Attorney for Plaintiff*